UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
  UNITED STATES OF AMERICA,    :
                                            :
                   Plaintiff,    :
                                            :
          -against-    :    No. 19 Civ. 10832 (KMK)
                                            :
  AMEET K. GOYAL, M.D. and AMEET    :
  GOYAL, M.D, P.C. d/b/a THE EYE    :
  ASSOCIATES GROUP,    :
                                            :
                                            :
  Defendants.    x
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**THE GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION FOR A STAY OF PROCEEDINGS**

                                                          GEOFFREY S. BERMAN
                                                          United States Attorney for the
                                                          Southern District of New York
                                                          Attorney for the United States
                                                                of America

VLADISLAV VAINBERG
DAVID R. FELTON
MARGERY FEINZIG
Assistant United States Attorneys
    *- Of Counsel -*

## PRELIMINARY STATEMENT

The United States of America, by and through the United States Attorney for the Southern District of New York ("the Government"), respectfully submits this memorandum in support of its motion to stay civil proceedings in the above-captioned case, *United States v. Ameet K. Goyal, M.D.. et al.*, 19 Civ. 10832 (KMK) (the "Civil Action"), including Rule 26(a)(1) and other discovery, until the completion of the trial or other disposition in the parallel criminal case, *United States* v. *Ameet Goyal*, 19 Cr. 844 (CS) (the "Criminal Case").

The Criminal Case arises from the same set of facts and circumstances that underlies the Civil Action.   Courts in this district frequently stay civil proceedings when there is a parallel criminal prosecution.

All parties to the Civil Case consent to the Government's motion for a stay of the Civil Action.   In particular, Ameet K. Goyal M.D. and Ameet Goyal, M.D., P.C. d/b/a The Eye Associates Group ("Eye Associates") – all of the defendants in this action – consent to the Government's motion for a stay of the Civil Action.

## BACKGROUND

On or about November 22, 2019, an indictment, 19 Cr. 844 (CS) (the "Indictment") was unsealed charging Ameet K. Goyal with a health care fraud scheme centered at The Eye Associates Group, also known as Rye Eye Associates, an ophthalmology practice located in Rye, New York and other locations.   (A copy of the Indictment is attached hereto as Exhibit A.) That same day, a civil complaint was filed in this action (the "Complaint").

As alleged in the Indictment and the Complaint, from at least in or about 2010 up to and including in or about February 2017, Ameet K. Goyal orchestrated a scheme to defraud Medicaid, Medicare, and managed care companies (the "Government Payors") out of millions of

dollars.[1]

The scheme alleged in the Indictment and the Complaint involved, among other things, the submission of false claims to the Government Payors for tests and procedures that were not performed and/or medically unnecessary. The defendants also consistently upcoded surgical procedures, claiming to perform a far more costly procedure than what was actually done, to maximize the reimbursement they would receive from the Government Payors. In order to justify this billing, the defendants falsified patient diagnoses and prepared operative reports that falsely described the procedures performed on patients.

## ARGUMENT

This Court should grant this unopposed application for a stay of the Civil Action for several reasons. First, permitting discovery in the Civil Action could circumvent the constraints imposed on discovery in criminal cases. Second, there is no prejudice to the parties to the Civil Action that would arise from staying the action; in fact, all of the defendants consent to the stay. Third, staying the Civil Action pending the conclusion of the Criminal Case would likely be more efficient and preserves the Court's resources because many of the issues presented by the Civil Action will likely be resolved in the Criminal Case.

### I. A Stay of the Civil Action is Warranted

This Court has the inherent power to stay a civil proceeding in the interests of justice pending the completion of the parallel criminal trial. *Kashi* v. *Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986) ("[A] court may decide in its discretion to stay civil proceedings . . . when the interests of justice seem . . . to require such action.") (internal citations and quotations omitted).

---

[1] The Indictment alleges that this scheme defrauded private insurers and patients as well.

When considering whether to grant a stay, courts balance the following factors:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interest of the court; and (6) the public interest.

*SEC* v. *Treadway*, No. 04 Civ. 3464(VM)(JCF), 2005 WL 713826, at *2-*3 (S.D.N.Y. March 30, 2005) (quoting *In re Worldcom, Inc. Secur. Litig.*, Nos. 02 Civ. 3288, 02 Civ. 4816, 2002 WL 31729501, at *4 (S.D.N.Y. Dec. 5, 2002))); *see also Volmar Distrib., Inc.* v. *New York Post Co., Inc.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993) (listing similar factors). "Balancing these factors is a case-by-case determination." *Id*. An analysis of these factors in this case weighs in favor of granting the stay sought by the Government.

### A. The Extent of Overlap

The identity of issues underlying the cases weighs heavily in favor of a stay. "The most important factor at the threshold is the degree to which the civil issues overlap with the criminal issues." *Volmar Distrib.,* 152 F.R.D. at 39 (*citing* Judge Milton Pollack, *Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201, 203 (S.D.N.Y. 1989)); *see also Parker* v. *Dawson*, No. 06 Civ. 6191 (JFB), 2007 WL 2462677 (Aug. 27, 2007 E.D.N.Y.) at *4 (same); *United States* v. *One 1964 Cadillac Coupe DeVille*, 41 F.R.D. 352, 353 (S.D.N.Y. 1966) ("Where both civil and criminal proceedings arise out of the same or related transactions the government is ordinarily entitled to a stay of all discovery in the civil case until disposition of the criminal matter.").

Here, this Civil Action concerns, in large part, the same healthcare fraud scheme alleged in the Indictment, including billing and upcoding for orbitotomies, conjuctivoplasties, and eyelid reconstruction procedures that were not performed; falsifying the results of patients' medical

3

files in order to justify and bill the Government Payors for such procedures, and pressuring other employees of Eye Associates to participate in the scheme.   In short, the cases involve much the same facts and issues.

### B.     The Status of the Criminal Case

The return of an indictment in the criminal case is also a factor that weighs in favor of a stay. "Courts generally decline to stay civil proceedings when a related criminal matter is still in the investigatory stage." *Treadway*, 2005 WL 713826 at *3. On the other hand, "[t]he weight of authority in this Circuit indicates that courts will stay a civil proceeding when the criminal investigation has ripened into an indictment." *In re Par Pharm, Inc. Sec. Litig.*, 133 F.R.D. 12, 13 (S.D.N.Y. 1990). As the Court explained in *Trustees of Plumbers and Pipefitters Nat'l Pension Fund, et al.* v. *Transworld Mechanical, Inc.*:

> A stay of a civil case is most appropriate when a party to the civil case has already been indicted for the same conduct for two reasons: first, the likelihood that a defendant may make incriminating statements is greatest after an indictment has issued, and second, the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved.

886 F. Supp. 1134, 1139 (S.D.N.Y. 1995).

All of the defendants (except for Eye Associates, the corporate entity owned by Ameet K. Goyal) have been indicted.   Thus, this factor also militates in favor of a stay.

### C.     The Potential Prejudice to the Parties

There is very little, if any, prejudice to the parties that would result from the stay sought by the Government.    Defendants in parallel criminal cases typically have an interest in not being deposed because if they assert their Fifth Amendment privilege, an adverse inference may be drawn against them in the civil case. *See Baxter* v. *Palmigiano*, 425 U.S. 308, 318 (1976) (noting that Fifth Amendment does not forbid adverse inferences against parties to civil actions).

4

But as one district court recently noted, "[t]he specter of parties and witnesses invoking their Fifth Amendment rights would render discovery largely one-sided; the SEC would produce scores of documents and witness testimony only to be precluded from gathering reciprocal discovery from the defendants." *SEC* v. *Nicholas*, 569 F.Supp. 2d. 1065, 1070 (C.D.Cal. 2008); *see also SEC* v. *Saad*, 229 F.R.D. 90, 91 (S.D.N.Y. 2006) (JSR) (noting that in a prior civil case, *SEC* v. *The Oakford Corporation*, 181 F.R.D. 269 (S.D.N.Y. 1998) (JSR), Judge Rakoff had stayed deposition discovery because there was a high likelihood that invocations of the Fifth Amendment privilege would "play havoc with the orderly conduct" of the depositions, but Judge Rakoff allowed depositions to proceed in *Saad* because none of the defendants was going to invoke the Fifth Amendment privilege). As a result, in this instance, granting a stay of the civil cases to permit the criminal case to proceed to its conclusion would actually benefit the defendants, since granting a stay of this civil case against would for now obviate forcing the defendants to choose between being prejudiced in the civil cases by the assertion of their Fifth Amendment rights or being prejudiced in the criminal case if they waives those rights.

###     D.    The Public Interest

The Government and the public have an important interest in insuring that civil discovery is not used to circumvent the restrictions that pertain to criminal discovery. Rule 16 of the Federal Rules of Criminal Procedure expressly limits the documents that are subject to discovery in a criminal case and further states that it does not "authorize the discovery . . . of statements made by government witnesses or prospective government witnesses except as provided in 18 U.S.C. § 3500." Fed. R. Crim. P. 16(a)(2). Title 18, United States Code, Section 3500 provides that in criminal cases, the statements of Government witnesses shall not be "the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the

trial of the case." The public policy against premature disclosure of the Government's criminal case is so strong that courts are without power to order early production of witness statements. *See United States* v. *Taylor*, 802 F.2d 1108, 1117-18 (9th Cir. 1986). Moreover, except under "exceptional circumstances" and pursuant to court order, the criminal rules do not provide for depositions as a means of discovery. *See In re Ahead By A Length, Inc.*, 78 B.R. 708, 711 (S.D.N.Y. 1987); Fed. R. Crim. P. 15.

Courts repeatedly have recognized that a civil litigant should not be allowed to use civil discovery to avoid the restrictions that would otherwise pertain in criminal discovery to a criminal defendant. *See SEC* v. *Beacon Hill Asset Management LLC*, No. 02 Civ. 8855 (LAK), 2003 WL 554618, at *1 (S.D.N.Y. Feb. 27, 2003) (in context of request for civil stay of discovery due to pending criminal investigation, "[t]he principal concern with respect to prejudicing the government's criminal investigation is that its targets might abuse civil discovery to circumvent limitations on discovery in criminal cases"); *Phillip Morris Inc.* v. *Heinrich*, No. 95 Civ. 328 (LMM), 1996 WL 363156, at *19 (S.D.N.Y. June 28, 1996) (without a stay, defendants "may have an opportunity to gain evidence to which they are not entitled under criminal discovery rules"); *Governor of the Fed'l Reserve System* v. *Pharaon*, 140 F.R.D. 634, 639 (S.D.N.Y. 1991) ("A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal trial") (quoting *Campbell* v. *Eastland*, 307 F.2d 478, 487 (5th Cir. 1952)); *In re Ivan F. Boesky Securities Litig.*, 128 F.R.D. 47, 49 (S.D.N.Y. 1989) ("the public interest in the criminal case is entitled to precedence over the civil litigant").

### E.  The Interests of the Courts

Considerations of judicial economy also weigh in favor of granting a stay. The resolution of the criminal case against the defendants will likely simplify the civil action. *Nat'l Union Fire Ins. Co. v. Sun*, 1997 U.S. App. LEXIS 6174, at *4 (2d Cir. 1997) ("It is well established that a criminal conviction may act to collaterally estop a litigant from challenging in a subsequent civil action issues decided in that prosecution") (citing *Maietta v. Artuz*, 84 F.3d 100, 103 n.1 (2d Cir. 1996)).   *Cf. SEC* v. *Contorinis*, 2012 WL 512626 (S.D.N.Y. Feb. 3, 2012) ("Courts in this district have consistently found that a defendant convicted of securities fraud in a criminal proceeding is collaterally estopped from relitigating the underlying facts in a subsequent civil proceeding."); *Twenty First Century Corp.* v. *LaBianca*, 801 F. Supp. 1007 (recognizing judicial economy as a factor to be considered); *Brock* v. *Tolkow*, 109 F.R.D. 116, 120 (E.D.N.Y. 1985) (noting that resolution of the criminal case "might reduce scope of discovery in the civil case and otherwise simplify the issues").

**CONCLUSION**

In light of the strong public interest in preventing the civil discovery rules from being subverted into a device for improperly obtaining discovery in criminal cases; the lack of any opposition to the motion by the parties, reflecting the lack of prejudice to the parties; the fact that no trial date in the Civil Action has been set; the likelihood that resolution of the Criminal Case will resolve issues in the Civil Action, and to assure that the Government's ability to prosecute the criminal case against the defendants is not undermined, the Government respectfully submits that the stay requested by the Government—to which the defendants and the Plaintiff-Relator consent—should be granted.

Dated: New York, New York
February 3, 2020

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By: _/s/ Vladislav Vainberg_
Vladislav Vainberg
David R. Felton
Margery Feinzig
Assistant United States Attorney
United States Attorney's Office
One Saint Andrew's Plaza
New York, New York 10007
Tel.: (212) 637-1029 / 914-993-1908 / 1903

To:    Marc L. Mukasey, Esq.
       Mukasey Frenchman & Sklaroff
       2 Grand Central Tower
       140 East 45th Street
       17th Floor
       New York, NY 10017
       212-466-6400
       marc.mukasey@mfsllp.com
       *Attorney for Defendants Ameet K. Goyal and Ameet Goyal M.D., P.C*